R. C. HARRIS *v.* MARY A. DOYLE'S TRUSTEE.

**Trustee of an Express Trust—Appointment of Successor.**

Where one is appointed trustee by a will to hold property and pay over the interest thereon to a designated person, and resigns as such trustee, the court has power to appoint a new trustee to carry out the trust.

**Statute of Limitations.**

Where a trustee of an express trust is required by the trust to take and hold property and pay the interest received thereon to a named person, and executes a bond for the faithful performance of his duties, but converts the trust estate to his own use, and dies, the person appointed to succeed him may bring an action on said bond to recover the estate. In such case the cause of action never accrued to the beneficiary of the trust so as to enable her to recover the principal, and for this reason the statute of limitations cannot apply to bar the right of recovery.

### APPEAL FROM MADISON CIRCUIT COURT.

February 8, 1877.

OPINION BY JUDGE PRYOR:

It is not pretended that Doyle, the husband and trustee, ever invested the trust fund or accounted for it in any way to his wife, who is sole beneficiary. The will of Horn devised the money to Flournoy in trust for Mrs. Doyle, requiring the trustee to pay over to her the annual interest or income only. Neither the wife nor the trustee had the power to dispose of the principal or to use it for any other purpose than that designated by the provisions of the will. Flournoy consented to surrender the trust, and the husband, Pat Doyle, at the instance of the wife, was appointed in his stead in the year 1854. The chancellor, in appointing Doyle as trustee, vested him, by the express language of the judgment, with all the powers and privileges of the former trustee, and also subjected him to all the duties and liabilities imposed by the will that Flournoy was required to discharge. He was also required to invest the fund and to execute a bond with surety, conditioned to faithfully discharge all the duties imposed upon him. This bond was executed in the year 1854, in the action brought by the wife to have her husband appointed, in which action is filed what purports to be the will creating the trust and imposing the obligation on the trustee.

The trust was accepted by the husband, the duties to be discharged as required by the judgment in accordance with the terms of the will filed in that action. We cannot well see why the appellee should be required to show that the will was properly proven and admitted to probate. The record of the suit in Madison, under which the appointment was made and the bond executed, shows the character of the trust; and if the trust had ceased, or never existed, if the latter part can be shown at all, the burden is on appellant. The husband, as trustee, had the right to control this fund, and no cause of action

ever existed upon the part of the wife by which she could require him to pay her the principal. She was not entitled to it. The title and right to control this money was with the trustee, and what the beneficiary was entitled to demand of the fiduciary was the annual income. She might have had him removed for proper cause, but had no right to demand that he should pay over to her the principal. The appellant was the security, and it was his duty to have protected himself against a liability that must necessarily continue as long as the party acted as trustee, for the reason alone, if no other, that the cause of action on the part of the beneficiary never accrued to her so as to enable her to recover the principal sum. For this reason the statute of limitations cannot well apply to a continuing resulting express trust so as to bar the right of recovery by the beneficiary. Regarding either Chap. 63 or Chap. 90 of the Revised Statutes as governing this case, the cause of action never accrued to the beneficiary. She might have him removed by proper proceeding or require him to invest the fund, but cannot recover the principal fund in his hands, held by reason of his appointment as trustee and by reason of the execution of the bond to which the name of appellant is found as surety.

The parties both lived in Kentucky. The trust fund consisted of money, and the original trustee, Flournoy, being before the court by actual service and on appearance, there is no reason why the court could not exercise the power of removing him or accepting his resignation and appointing another in his place. We are not disposed to adjudge that the manse was void by reason of his former manse in Ireland. He had obtained a divorce by legislative enactment, and although the question is worthy of argument it is not necessary to be considered or determined in this case. If not the husband, he was still the trustee, and she had no power to compel him to surrender to her the trust fund, any more than she would have had regarding her as his lawful wife. If she had no other claim upon him than those growing out of the fiducial relation, this would not have authorized any action in her name to recover the principal. Grinstead was appointed trustee after the death of her husband in 1867 and has brought the action. There is no demurrer for want of parties, and if there had been we see no reason why he could not maintain it.

There was no fraud nor misrepresentation in obtaining this bond or the signature of appellant to it, and his present liability results from his own misfortune or from his laches in not taking the steps that he now insists should have been taken by the beneficiary. See

*Lexington Life, Fire and Marine Ins. Co. v. Page,* 17 B. Mon. 412; *Manion's Adm'rs v. Titsworth,* 18 B. Mon. 582.

The judgment below is *affirmed.*

*R. H. Rountree,* for appellant.   *C. F. Burnam,* for appellee.